UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIQUE MAIURANO,

                    Plaintiff,

    -against-

CANTOR FITZGERALD SECURITIES,

                    Defendant.

Case No. 19-CV-10042 (KPF)

---

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

Upon Joint Motion of Plaintiff Monique Maiurano and Defendant Cantor Fitzgerald Securities (each a "Party" and collectively the "Parties"), pursuant to Rule 26 of the Federal Rules of Civil Procedure and to facilitate the disclosure of, and protect the confidentiality of, information (both testimonial and documentary) which may be considered confidential and/or proprietary, and for good cause shown, it is hereby **STIPULATED AND AGREED** by the Parties and **ORDERED** by the Court that:

### Designation of Confidential Information

1.    *Designation of Material*.  Documents and other things claimed to be or to contain Confidential Information may, prior to production, be marked by the producing Party as "Confidential" (hereafter referred to as "Confidential Material").  In order for any document, information, testimony, or other material to be eligible under the foregoing sentence for designation as "Confidential," the Party seeking to make such designation must believe in good faith that such material qualifies for protection under Federal Rule of Civil Procedure 26(c).  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document which it is produced shall constitute notice and shall designate the document as "Confidential" material.  Copies, extracts, summaries, notes, or other derivations of "Confidential" material also shall be deemed Confidential Material and shall be subject to the provisions of this Order.  A Party shall also have the right to designate as "Confidential" deposition testimony or declarations discussing Confidential Information, using the process described in Paragraph 8.

2.    *Subsequent Designation*.  Documents or materials produced in this litigation that are not identified as confidential when they were initially produced may within a reasonable time thereafter be designated as "Confidential" by the producing Party, or by the Party receiving the production, by providing written notice to counsel for the other Party.  In order for any document, information, testimony, or other material to be eligible under the foregoing sentence for designation as "Confidential," the Party seeking to make such designation must believe in good faith that such material qualifies for protection under Federal Rule of Civil Procedure 26(c).  The Party who receives such written notice shall endeavor to retrieve any Confidential Material or shall affix a "Confidential"

designation to it and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

      3.    *Modification of Designation*. A Party's designation of Confidential Material shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

      a.    The designating Party may agree in writing to downgrade or eliminate the "Confidential" designation concerning any material it designated.

      b.    If the Parties cannot agree as to the designation of any particular information or material after good faith discussion, the objecting Party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the Party who made the original designation.

## Access to Confidential Information

      4.    *General Access*. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

      a.    To counsel, and administrative assistants, paralegals, and other staff employed in the offices of such counsel who are working on the litigation;

      b.    To the Parties;

      c.    To witnesses with prior knowledge of the Confidential Material;

      d.    To witnesses or potential witnesses in preparation for their testimony by deposition or at trial, but only to the extent reasonably necessary for such preparation, and deponents during their depositions where reasonably necessary to the conduct of those depositions, provided that said witnesses and deponents shall not be permitted to retain or copy said confidential materials or those portions of the transcript of their deposition that contain Confidential Information not previously known to them, and all after they have been given a copy of this Order by their counsel, instructed to read it, and signed the Acknowledgment attached as Exhibit A;

      e.    To court reporters transcribing a deposition, hearing, or other proceedings in this matter;

      f.    To independent experts and individual consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a Party or a Party's counsel in good faith for the purpose of assisting in this litigation), and their employees and other staff, after they have been given a copy of this Order by their counsel, instructed to read it, and signed the Acknowledgment attached as Exhibit A;

      g.    To outside copying companies for purposes of duplication only for litigation; and

h. To any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents.

5. *No Copies or Notes*. Except for internal use by counsel and consultants for the Parties, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Material shall make copies, reproductions, transcripts or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Material.

6. *Disputes over Access*. If a dispute arises as to whether a particular person should be granted future access to Confidential Material, the Party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Material

7. *Use in this Litigation Only*. Confidential Material may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Material is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

8. *Use at Depositions*. If Confidential Material is to be discussed or disclosed during a deposition, the designating party shall have the right to exclude from attendance at the deposition, during the time the Confidential Material is to be discussed, any person not entitled under this Order to receive the Confidential Material. Portions of depositions shall be deemed "Confidential" under this Order only if they are designated as such when the deposition is taken, or within 15 days of the designating party's receipt of the transcript.

9. *Court Filings*.

   a. Without (i) written permission from the Party designating the ConfidentialMaterial (not to be unreasonably withheld following a meet and confer between the parties), or (ii) first attempting to secure a Court order authorizing sealing after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material.

   b. A Party that seeks to file under seal any Confidential Material must comply with the Court's Individual Rules of Practice.

   c. Nothing in this Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

10. *Use at Court Hearings or Trial*. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearings or oral argument, provided that the proponent of the evidence containing Confidential Materials gives reasonable advance notice to the Court and counsel for the producing or designating Party. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent

unnecessary disclosure. If presented at trial, the status of evidence as Confidential Materials shall not be disclosed to the finder of fact.

11. *After Litigation*. Within 60 days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each Party shall return to counsel for the Party who furnished the same or destroy all items constituting, containing, or reflecting the other Party's Confidential Materials.

## Clawback

12. *Failure to Make Designation*. If, at any time, a producing Party discovers that it produced or disclosed protected information without designation, it may promptly notify the receiving Party and identify with particularity the designated information and the designation (the claw-back notification). The receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the receiving Party must: (1) certify to the designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practically unable to mark or destroy any information because disclosures occurred while the receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the receiving Party must reasonably provide as much information as practicable to aid the designating Party in protecting the information, consistent with the receiving Party's attorney-client and/or work-product privileges.

13. *Inadvertent Production of Privileged Information*.

   a. The inadvertent production by any Party or non-parties to the proceedings of any material subject to protection under the attorney/client, work-product, or trial-preparation privileges ("Privileged Material") shall be without prejudice to any claim that such item is protected from discovery pursuant to the attorney-client privilege, the attorney work product doctrine, or other doctrines of similar effect and shall not be held to have waived any rights by such inadvertent production.

   b. If, at any time, a producing Party discovers that it produced information that it reasonably believes is subject to protection under the attorney-client and/or work-product privileges, then it must promptly notify the receiving Party in writing of the claim for protection, the basis for it, and amend its privilege log accordingly. Whenever possible, the designating Party must produce substitute information that redacts the information subject to the claimed protection.

   c. Upon receipt of such notice, the Party that received the inadvertently produced Privileged Material shall promptly destroy the Privileged Material and all copies thereof, or return such together with all copies of such document, testimony, or information to counsel for the producing Party. Should the receiving Party choose to destroy such Privileged Material, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of notice of inadvertent production.

   d. In the event that the provisions of this Paragraph 13 conflict with any applicable law regarding waiver of the protections of the attorney-client privilege, the attorney

4

work-product doctrine, or other doctrines of similar effect through the inadvertent production of documents, testimony, or information, such law shall govern.

## **Other Provisions**

14. *Other relief.* Nothing in this order shall preclude the Parties or any person from raising any available objection, or seeking any available protection with respect to any Confidential Materials, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. The Court retains jurisdiction to enforce the terms and address any violation of this Order.

Stipulated to by the Parties:

By: __/s/ Raymond Nardo__  
Raymond Nardo, Esq.  
RAYMOND NARDO, P.C.  
129 Third Street  
Mineola, NY 11501  

*Counsel for Plaintiff Monique Maiurano*

By: __/s/ Emily L. Milligan__  
Emily L. Milligan, Assistant General Counsel  
David Paul, Assistant General Counsel  
Samantha Springer, Assistant General Counsel  
110 East 59th Street, 7th Fl.  
New York, NY 10022  

*Counsel for Defendant Cantor Fitzgerald Securities*

SO ORDERED.

_____  
HON. KATHERINE POLK FAILLA  
United States District Judge

Dated: __April 23__, 2021  
New York, New York

```
This protective order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction only for the
pendency of this litigation.
```

## **EXHIBIT A - ACKNOWLEDGMENT**

I hereby acknowledge that I have read the foregoing Protective Order concerning confidentiality of documents and information in this case and that I understand its provisions. I further acknowledge that I am receiving access to "Confidential" documents and/or information based upon my agreement to comply with the terms and conditions of the Protective Order, and I hereby agree to treat all "Confidential" documents and information in the manner required by theProtective Order.

**Name**: _____

**Signature**: _____

**Date**: _____