UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE MAIURANO,

                    Plaintiff,

      -v.-

CANTOR FITZGERALD SECURITIES,

                    Defendant.

19 Civ. 10042 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      On October 18, 2021, Plaintiff Monique Maiurano filed a motion to compel Defendant Cantor Fitzgerald Securities to disclose an unredacted version of an Internal Audit Memorandum (the "Memorandum") that Defendant had produced in discovery. (Dkt. #42). Defendant filed a letter opposing Plaintiff's motion on October 21, 2021, arguing that the redacted portions of the Memorandum are shielded by the attorney-client privilege. (Dkt. #44). For the reasons that follow, the Court denies Plaintiff's motion.

      Defendant learned on or around January 7, 2018, that it may have engaged in a financial transaction (the "Transaction") that violated both its internal policies and federal law. (Dkt. #44 at 1). Upon learning of the Transaction, Defendant's Deputy General Counsel ("Counsel") instructed internal investigators to interview the individuals responsible for the Transaction and to prepare a report stating their findings. (*Id.*). Defendant explains that "[t]he focus of the investigation was to review [Defendant's] account restriction process and identify the circumstances that led to a potential regulatory violation[.]" (*Id.* at 3). After interviewing several

employees, including Plaintiff, the internal investigators prepared and transmitted the Memorandum to Counsel. (*Id.* at 1). The Memorandum includes not only the investigators' factual findings, but also their conclusions "of past conduct as it relates to company policies and applicable regulations" and recommendations "to guide [Defendant's] future conduct[.]" (*Id.* at 2).

During discovery, Defendant produced a version of the Memorandum that "redacted one line on the first page and redacted the entire sections entitled 'Conclusion' and 'Observations and Recommendations.'" (Dkt. #42 at 1). Plaintiff argues that she is entitled to unredacted versions of both sections for two reasons. *First*, Plaintiff argues that the redacted sections are not covered by the attorney-client privilege because they do not contain legal advice. (*Id.* at 2). *Second*, Plaintiff argues that to the extent the Memorandum is privileged, Defendant has impliedly waived any applicable privilege by producing the redacted version of the Memorandum and relying on it as a basis for Plaintiff's termination. (*Id.*). The Court will address each argument in turn, but ultimately concludes that neither is persuasive.

The Court begins with Plaintiff's argument that the redacted portions of the Memorandum are not covered by the attorney-client privilege. "The attorney-client privilege protects from disclosure [i] a communication between client and counsel that [ii] was intended to be and was in fact kept confidential, and [iii] was made for the purpose of obtaining or providing legal advice." *Pac. Life Ins. Co.* v. *Bank of New York Mellon*, No. 17 Civ. 1388 (KPF), 2020 WL 6875170, at *2 (S.D.N.Y. Nov. 23, 2020) (quoting *Johnson* v. *J. Walter*

2

*Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 3432301, at *2 (S.D.N.Y. Aug. 9, 2017)) (internal quotation marks omitted).  Plaintiff's primary argument is that the third factor has not been satisfied here because the redacted portions of the Memorandum were not made for the purpose of obtaining or providing legal advice.  (Dkt. #42 at 1-2).

When evaluating whether a communication was made for the purpose of obtaining or providing legal advice, the Court must consider "whether the predominant purpose of the communication is to render or solicit legal advice." *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007) (collecting cites).  As relevant here, "courts in this District have held that communications between counsel and a client's agents for the purpose of collecting information are protected by the attorney-client privilege where the agent possesses the information needed by the corporation's attorneys in order to render informed legal advice."  *O'Gorman* v. *Kitchen*, No. 20 Civ. 1404 (LJL), 2021 WL 1292907, at *4 (S.D.N.Y. Apr. 7, 2021) (internal alterations and quotation marks omitted) (collecting cites); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 527 (S.D.N.Y. 2015) ("It is well established that the privilege applies to communications between corporate counsel and a corporation's employees, made at the direction of corporate superiors in order to secure legal advice from counsel." (internal quotation marks omitted)).

Based on the record before it, the Court finds that the redacted portions of the Memorandum are protected by the attorney-client privilege.  Plaintiff and Defendant both agree that Defendant's investigators prepared the

Memorandum to aid Counsel's investigation into whether Defendant had engaged in an unlawful financial transaction. (*See* Dkt. #42 at 1-2; Dkt. #44 at 1). Defendant explains that the redacted portions of the Memorandum consist of the investigators' "privileged conclusions and recommendations prepared for counsel to aid counsel in rendering legal advice to [Defendant]." (Dkt. #44 at 1). The Court has little difficulty finding that the investigators included these portions of the Memorandum with the predominant purpose of aiding Defendant in obtaining, and Counsel in providing, legal advice concerning the Transaction. *See O'Gorman*, 2021 WL 1292907, at *2 (holding that interviews conducted by outside counsel of corporate defendant's agents fall within attorney-client privilege); *Parneros* v. *Barnes & Noble, Inc.*, 332 F.R.D. 482, 496 (S.D.N.Y. 2019) (finding that notes taken by corporate counsel and a corporate officer during an interview fall within the attorney-client privilege).

    Plaintiff's arguments against application of the attorney-client privilege are unavailing. Plaintiff argues that the Memorandum's primary purpose was not to provide legal advice because it (i) was written by non-attorney investigators and (ii) does not contain legal advice. (Dkt. #42 at 2). Both arguments misunderstand the attorney-client privilege, which is not limited to attorneys' communications of their legal analyses. Rather, the privilege "protects both the advice of the attorney to the client and the information communicated by the client that provides a basis for giving advice." *Johnson*, 2017 WL 3432301, at *2 (citing *Upjohn Co.* v. *United States*, 449 U.S. 383, 390 (1981)). Here, the redacted portions of the Memorandum fall within the

attorney-client privilege because they consist of statements made by Defendant's agents for the purpose of obtaining legal advice from Counsel.

The Court turns next to Plaintiff's argument that Defendant waived attorney-client privilege over the "Observation and Recommendations" and "Conclusion" sections of the Memorandum by producing a redacted version of the Memorandum and relying on it as a basis for Plaintiff's termination. (Dkt. #42 at 2). A party may waive the protections of the attorney-client privilege "either impliedly — such as by asserting an affirmative defense that puts in issue the contents of otherwise privileged materials — or expressly, such as by disclosing privileged materials to a government agency or deliberately producing them to a litigation adversary." *United States* v. *Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 390 (S.D.N.Y. 2016). Plaintiff argues that Defendant has impliedly waived the protections of the attorney-client privilege by putting the privileged materials at issue. (Dkt. #44 at 2).[1]

"The at-issue waiver rule aims to prevent the unfairness that results when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of

---

[1] Although Plaintiff does not make the argument explicitly, her motion can be fairly read to suggest that Defendant waived privilege over the Memorandum by producing a redacted version of it. (*See* Dkt. #42 at 2 ("Defendant waived any privilege by producing the document[.]")). The Court finds this argument unpersuasive because Plaintiff does not argue, and there is no other indication, that Defendant has selectively disclosed privileged communications within the Memorandum and thereby waived the attorney-client privilege with respect to the document. Rather, it appears that Defendant believed the redacted portions of the Memorandum contained privileged communications and the remaining portions did not. "In such a situation, production of the document with partial redactions is proper." *Murtha* v. *N.Y. State Gaming Comm'n,* No. 17 Civ. 10040 (PMH), 2020 WL 5504311, at *2 (S.D.N.Y. Sept. 9, 2020).

5

rebutting the assertion." *Abromavage* v. *Deutsche Bank Sec. Inc.*, No. 18 Civ. 6621 (VEC), 2019 WL 6790513, at *2 (S.D.N.Y. Dec. 11, 2019) (internal quotation marks omitted). "[F]or at-issue waiver to occur, 'a party must *rely* on privileged advice from his counsel to make his claim or defense.'" *Sec. & Exch. Comm'n* v. *Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT) (SN), 2021 WL 2323089, at *2 (S.D.N.Y. May 30, 2021) (quoting *In re County of Erie*, 546 F.3d at 229).

Here, Defendant has not waived the attorney-client privilege by placing the redacted portions of the Memorandum at issue. Although Plaintiff claims in her letter motion that "Defendant waived any privilege by … relying on [the Memorandum] as a basis for termination" (Dkt. #42 at 2), Defendant represents that its decision to terminate Plaintiff was "based, only in part, on the factual findings of the [Memorandum], all of which have been disclosed to Plaintiff" (Dkt. #44 at 2 (emphasis omitted)). Defendant further states that it will not rely "on the privileged portions of the [Memorandum] as the basis for terminating [Plaintiff's] employment." (Dkt. #44 at 2). Indeed, Defendant states that it "does not intend to use any of the protected communications to establish the basis for its termination of [Plaintiff's] employment, which will be presented through objective proof of [Plaintiff's] misconduct[.]" (*Id.* at 3). Defendant's statements are consistent with its Answer, which does not raise any affirmative defenses related to the investigation. (*See* Dkt. #30).

In this context, Plaintiff is not unfairly prejudiced by Defendant's assertion of the attorney-client privilege because Defendant will not rely on the redacted portions of the Memorandum to support its defenses. *See In re*

6

*County of Erie*, 546 F.3d at 229 (holding that "a party must *rely* on privileged advice from his counsel to make his claim or defense" to cause at-issue waiver); *Gen. Elec. Co.* v. *APR Energy PLC*, No. 19 Civ. 3472 (VM) (KNF), 2020 WL 2061423, at *10 (S.D.N.Y. Apr. 29, 2020) (finding no at-issue waiver where party had "not made any claims or asserted any defenses … that [it] intends to prove by use of the privileged materials" (internal quotation marks omitted)). Unlike in cases where a defendant invokes a good-faith or other defense that turns on the party's state of mind, the privileged communications will have no bearing on the validity of Defendant's defenses in this case. *Cf. Abromavage*, 2019 WL 6790513, at *3 (finding that defendant's good-faith defense waived attorney-client privilege over "relevant communications between [the defendant] and its in-house counsel"); *Koumoulis* v. *Indep. Fin. Mktg. Grp., Inc.*, 29 F. Supp. 3d 142, 148 (E.D.N.Y. 2014) (finding that defendant's assertion of affirmative defense waived privilege over documents relating to that defense). On this record, the Court finds that Defendant has not waived the attorney-client privilege. Accordingly, the Court denies Plaintiff's motion to compel Defendant to produce the redacted portions of the Memorandum.

Given the Court's denial of Plaintiff's motion, the Court concludes by addressing whether Plaintiff must reimburse Defendant for the reasonable expenses it incurred in opposing the motion. Federal Rule of Civil Procedure 37 provides:

> If a [motion to compel brought under Rule 37] is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who

7

>opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Because neither party's submission addresses whether the Court must award fees — or whether such an award would be inappropriate because Plaintiff's motion was substantially justified or other circumstances make an award of expenses unjust — the Court will reserve decision until both parties have had an opportunity to be heard on the issue.

Accordingly, Plaintiff is hereby ORDERED to file a letter addressing whether the Court must award Defendant its reasonable expenses on or before **December 1, 2021**. Defendant may file a response on or before **December 15, 2021**. Plaintiff may submit a reply on or before **January 3, 2022**.

The Clerk of Court is directed to terminate the motion at docket entry 42.

SO ORDERED.

Dated: October 27, 2021
New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge